IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ROBERT ALLEY, | § | |
| | § | No. 132, 2014 |
| Defendant Below, | § | |
| Appellant, | § | Court Below: |
| | § | |
| v. | § | Superior Court of the |
| | § | State of Delaware, in and for |
| STATE OF DELAWARE, | § | New Castle County |
| | § | |
| Plaintiff Below, | § | Cr. I.D. No. 0707012162 |
| Appellee. | § | |

Submitted: November 19, 2014
Decided: November 20, 2014

Before **HOLLAND**, **RIDGELY**, and **VALIHURA**, Justices.

# **O R D E R**

This 20th day of November 2014, upon consideration of the parties' briefs and the record below, it appears to the Court that:

1. The appellant, Robert Alley ("Alley"), filed this appeal from the Superior Court's denial of his motion for post-conviction relief pursuant to Superior Court Rule of Criminal Procedure 61 ("Rule 61"). Alley argues that his counsel was ineffective because she mistakenly informed him that he would have been subject to habitual offender sentencing under 11 *Del. C.* § 4214(a) if convicted at trial. However, before this Court considers the merits of a motion for

post-conviction relief, we must determine whether the motion overcomes the procedural bars of Rule 61(i).[1]

2. Rule 61(i)(1) requires that a motion for post-conviction relief be filed within one year of the final judgment.[2] Alley entered his guilty plea on December 22, 2008, and was sentenced the same day. Because he did not file a direct appeal, his judgment of conviction became final thirty days after the Superior Court imposed its sentence.[3] Alley did not file his motion for post-conviction relief until March 22, 2013 -- well past the one-year time bar.

3. The Superior Court correctly noted that the time restrictions set forth in Rule 61 may be overcome. For example, under Rule 61(i)(5), if the motion provides a colorable claim that there has been a "miscarriage of justice" as the result of a constitutional violation that undermined the fundamental fairness of the proceedings leading to the final judgment, then the time limitations do not act as a procedural bar.[4] Thus, for us to consider Alley's motion on the merits, he must

---

[1] *Bailey v. State*, 588 A.2d 1121, 1127 (Del. 1991); *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).

[2] Super. Ct. Crim. R. 61(i)(1).

[3] Super. Ct. Crim. R. 61(m)(1).

[4] Super. Ct. Crim. R. 61(i)(5); *Younger*, 580 A.2d at 555. This provision was amended on June 4, 2014. However, we review Alley's appeal using the Rule as it existed at the time of the motion being filed. On March 22, 2013, Rule 61(i)(5) read: "Bars inapplicable. The bars to relief in paragraphs (1), (2), and (3) of this subdivision shall not apply to a claim that the court lacked jurisdiction or to a colorable claim that there was a miscarriage of justice because of a constitutional violation that undermines the fundamental legality, reliability, integrity or fairness of the proceedings leading to the judgment of conviction."

show a colorable claim for ineffective assistance of counsel under the two-prong test set forth in *Strickland v. Washington*.[5]

4.      The Superior Court held that "even assuming that the evidence supports Alley's contention that he can meet the first prong of the *Strickland* test, he cannot satisfy the second prong because he did not suffer actual prejudice."[6] We agree.  Accordingly, Alley's claim is procedurally barred, and we affirm the Superior Court's denial of Alley's motion for post-conviction relief on the basis of and for the reasons assigned by the Superior Court in its Opinion dated February 14, 2014.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is hereby AFFIRMED.

BY THE COURT:

/s/ Karen L. Valihura
Justice

---

[5] 466 U.S. 668 (1984).

[6] *State v. Alley*, 2014 WL 605440, at \*3 (Del. Super. Feb. 14, 2014).